# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

PRESTON ROBERSON
ADC #97703                                                                                          PLAINTIFF

V.                                              4:08CV04105 SWW/JTR

COREY, Officer,
Hope Police Department, et al.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A-149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction, has filed an Application to Proceed *In Forma Pauperis* and a *pro se* § 1983 Complaint. *See* docket entries #1 and #2. For the reasons set forth herein, the Court recommends that the Application to Proceed *In Forma Pauperis* be denied, and that the case be dismissed, without prejudice.

## II.  Discussion

**A.   Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot "bring a civil action or appeal a judgment" *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed at least five cases that were dismissed for failing to state a claim upon which relief may be granted. *See Roberson v. Reed*, 5:94CV00061 GTE (dismissed on March 23, 1994); *Roberson v. Bradberry*, 5:94CV00071 SMR (dismissed on March 10, 1994); *Roberson v. Griffen*, 4:94CV00372 HW (dismissed on July 21, 1994); *Roberson v. Kirton*, 4:94CV00454 SWW (dismissed on Aug. 4, 1994); *Roberson v. Reed;* 5:94CV00683 SMR (dismissed on Dec. 29, 1994). Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

**B.     Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather

conditions that did not result in any serious physical injuries).

In his Complaint (which was filed on October 30, 2008), Plaintiff alleges that: (1) on March 31, 2008, Defendants police officers Corey and Russell arrested him without a warrant or probable cause, and falsely imprisoned him; (2) on April 2, 2008, Defendant Hempstead County Circuit Judge Duncan Culpepper and Prosecuting Attorney Christopher Thomason caused him to be detained without probable cause; and (3) in May of 2008, Defendants Carol Bohannan, Leroy Brownlee, and John Delts (who are members of the Arkansas Parole Board) wrongfully revoked his parole.  *See* docket entry #2. After careful consideration, the Court concludes that none of these alleged constitutional violations placed Plaintiff in imminent danger of serious physical injury at the time he filed this action.  Accordingly, Plaintiff has failed to satisfy the exception to the three-strikes rule, as set forth in § 1915(g).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) be DENIED.

2.	This § 1983 action be DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.	Plaintiff be given the opportunity to continue this case by:  (a) paying the statutory filing fee of $350, in full, noting the above case style and number; and (b) filing a Motion to Reopen the case.

4.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 13th day of November, 2008.

                                                                /s/ J. Thomas Ray
                                        UNITED STATES MAGISTRATE JUDGE